**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIAHAO JIANG; LIXIN REN, | No. 12-70651 |
| Petitioners, | Agency Nos.　A099-709-277 |
| v. | A099-709-278 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2015**
Pasadena, California

Before: D.W. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

Jiahao Jiang and his wife Li Xin Ren petition for review of the Board of

Immigration Appeals' (BIA) decision denying Jiang's application for asylum.[1] We

have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]Li Xin Ren was listed as a derivative beneficiary on the asylum application.

Petitioners are citizens of the People's Republic of China. In 2005, Jiang alleges government authorities destroyed his rabbit farm, which was located on land leased from the government. He also alleges he was removed from the land with force and without notice or compensation. Jiang, along with other villagers who lost their land, attempted to seek compensation for his property from the district government. He alleges he was detained and tortured by the police until he agreed to sign a document giving up all claims to compensation.

Substantial evidence supports the BIA's determination that, even assuming credibility, Jiang did not establish that "one central reason" for his persecution was "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(42)(A), 1158(b)(1)(B)(i); *Sangha v. I.N.S.*, 103 F.3d 1482, 1487 (9th Cir. 1997); *Parussimova v. Mukasey*, 555 F.3d 734, 739–41 (9th Cir. 2009). The record does not compel a finding that Jiang "engaged in any activities" that could be perceived as political beliefs, or that the police were "motivated by [Jiang's] political beliefs, perceived or otherwise." *See* 8 U.S.C. § 1252(b)(4)(B); *Sangha*, 103 F.3d at 1488–90. Thus, we need not reach the BIA's adverse credibility determination. *See* 8 U.S.C. §§ 1101(42)(A), 1158(b)(1)(B) (to be eligible for asylum Jiang must establish he was persecuted, or has a well-founded fear of persecution, on account of an enumerated ground).

**PETITION DENIED.**